Lawrence E. Henke
David L. Vicevich
Vicevich Law
3738 Harrison Avenue
Butte, Montana 59701
Telephone: (406) 782-1111
Facsimile: (406) 782-4000
larry@vicevichlaw.com
dave@vicevichlaw.com
*Attorneys for Plaintiff*

**FILED**

OCT 11 2023

By_____
Deputy Clerk

## IN THE SECOND JUDICIAL DISTRICT COURT,
## STATE OF MONTANA, IN AND FOR SILVER BOW COUNTY

| | |
|---|---|
| BUTTE NATIVE WELLNESS CENTER, INC., a Montana non-profit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>RSUI INDEMNITY COMPANY, a New Hampshire insurance company; KYLE W. DUNTON; an individual; MARSH & MCLENNAN AGENCY LLC, a Delaware limited liability company; and ANGELEINE M. FURLONG, an individual.<br><br>    Defendants. | Cause No. DV 23-268<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>ROBERT J WHELAN<br>JUDGE DEPT. II<br><br>SUMMONS ISSUED |

COMES NOW the Plaintiff, Butte Native Wellness Center, Inc., by and through its counsel

of record, Lawrence E. Henke, and for its Complaint against Defendants RSUI Indemnity Company,

Kyle W. Dunton; Marsh & McLennan Agency LLC; and Angeleine M. Furlong, asserts and alleges

as follows:

### Introduction

This is an action for the bad faith and unfair settlement of claims practices of RSUI Indemnity

Company and Kyle W. Dunton, a chief claims specialist for RSUI. Additionally, claims are brought

against Marsh & McLennan Agency LLC and its agent, Angeleine M. Furlong, for negligence for their failure to provide Butte Native Wellness Center with the proper insurance it requested.

Butte Native Wellness Center is a non-profit, certified outpatient clinic, serving the American Indian and Alaska Native communities of Butte, Montana, and the surrounding areas. The clinic provides primary health and wellness services such as mental health, substance abuse recovery, diabetes care, education and prevention, and other primary healthcare essentials.

In or around April 2021, a Butte Native Wellness Center representative contacted Ange Furlong of Marsh & McLennan Agency to obtain liability insurance for that entity. Rather than seek insurance coverage for Butte Native Wellness Center in its individual non-profit corporation status that it was at the time, however, Furlong wrongfully procured insurance for Butte Native Wellness Center as if it was the successor-in-interest to Native American Indian Alliance, which it is not.

As a result of the negligent actions of Furlong and Marsh & McLennan Agency, Butte Native Wellness Center was later dragged into a wrongful termination lawsuit brought by an individual who was never a Butte Native Wellness Center employee. This negligent insurance placement caused Butte Native Wellness Center to incur attorney fees and wasted management time in defending itself from claims attributable to a separate entity (Native American Indian Alliance). Separately, RUSI and Dutton ignored the corporate separateness of Butte Native Wellness Center and Native American Indian Alliance, a former insured, and invoked the Native American deductible obligation onto Butte Native when it was never an employer of the Plaintiff.

Subsequently, when Butte Native directed the carrier, and the carrier chosen counsel, to move to dismiss the case on behalf of Butte Native, Dutton refused. This was done in order to ensure that Native American's deductible obligation was paid by Butte Native because Native American has ceased operations and was without assets, which fiscally benefitted the carrier.

**COMPLAINT AND DEMAND FOR JURY TRIAL**                              **Page 2 of 10**

# I.
## Parties

1. Plaintiff Butte Native Wellness Center, Inc. ("BNWC"), is a Montana non-profit corporation with its principal place of business at 55 East Galena Street, Butte, MT 59701.

2. Defendant RSUI Indemnity Company "(RSUI") is a New Hampshire insurance company with its principal place of business at 945 East Paces Ferry Road, Suite 1800, Atlanta, GA 30326-1125.

3. RSUI can be served through its registered agent, Corporation Service Company, PO Box 1691, Helena, MT 59624-1691.

4. Defendant Kyle W. Dunton is a chief claims specialist for RSUI.

5. Mr. Dunton can be served at 945 East Paces Ferry Road, Suite 1800, Atlanta, GA 30326-1125.

6. Marsh & McLennan Agency LLC ("Marsh") is a Delaware limited liability company with its principal place of business at 1166 Avenue of the Americas New York, NY 10036.

7. Marsh can be served through its registered agent, C T Corporation System, 3011 American Way, Missoula, MT 59808.

8. Angeleine M. Furlong is an agent employed by Marsh. She can be served at 1108 Livingston Avenue, Helena, MT 59601.

# II.
## Venue and Jurisdiction

9. Venue is proper in Silver Bow County pursuant to MCA Title 25, Chapter 2, §§ 25-2-122 (1)(b), 25-2-122(2)(a) and (b), and/or 25-2-121(1)(b)(ii).

10. This Court has jurisdiction over the parties in this lawsuit because Defendants conduct business in the State of Montana and Plaintiff resides in Silver Bow County, Montana.

# III.
## Background Facts

11. On or about April 2021, a representative of the non-profit that would soon be formed as Butte

Native Wellness Center ("BNWC") contacted Ange Furlong for help in obtaining insurance coverage.

12. Furlong was known BNWC because she had previously provided insurance brokerage for North American Indian Alliance ("NAIA"), whose services model in Billings was similar to the BNWC services model.

13. Furlong is employed by Marsh & McLennan Agency.

14. Instead of providing coverage options appropriate for the new company, BNWC, with that company's unique service model and new corporate mission, Furlong and Marsh negligently treated BNWC as a successor-in-interest to NAIA in the application process.

15. BNWC is not a successor-in-interest to NAIA.

16. While some NAIA employees and board members migrated to BNWC after NAIA ceased its operations, the two companies are distinctly different. For example:

   a. NAIA was founded in 1972; BNWC was founded in 2021.

   b. NAIA was a multi-member, multi-level membership corporation; BNWC is a non-profit public benefit corporation without members.

   c. NAIA has 20 stated corporate purposes; BNWC is a single purpose corporation.

   d. NAIA's corporate dedication was to social, charitable and educational purposes; BNWC's corporate dedication is to provide medical, mental health, and addiction services.

   e. BNWC's Board of Directors is different from NAIA's Board of Directors.

   f. NAIA and BNWC have separately dedicated funding sources from Indian Health Services, Department of Health and Human Services .

17. Patricia Boggs was an employee of NAIA; BNWC never employed Boggs.

18. Boggs was terminated from NAIA on June 26, 2020, for insubordination; BNWC was not formed until April 7, 2021, when its Articles of Incorporation were filed.

19. On March 26, 2021, Boggs send a demand letter to NAIA; BNWC was not even in existence yet.

20. On April 7, 2021, BNWC was registered with the Montana Secretary of State. **Ex. A.**

21. When Boggs filed suit until June 7, 2021, she named both NAIA and Butte Native Wellness Center, Inc. as Defendants.

22. Boggs filed for unemployment benefits listing NAIA as her employer.

23. NAIA answered the UI Claim as the employer; BNWC did not.

24. The Department of Labor and Industry, Unemployment Insurance Division, found that Boggs was terminated from NAIA for cause: "Boggs' action, and inactions, showed a deliberate, willful, or purposeful refusal to follow the reasonable directions, processes, or instructions of [NAIA's] Board of Directors."

25. Boggs filed suit for wrongful termination on June 7, 2021; NAIA tendered the suit to RSUI.

26. RSUI retained the law firm of Garlington, Robinson & Lohn to represent both NAIA and BNWC, despite the obvious conflict of interest between the two companies.

27. RSUI did not ask for nor obtain a conflict of interest waiver from BNWC.

28. RSUI took the position, for reasons that still are not clear, that the June 7, 2021, lawsuit alleging wrongful discharge somehow imputed BNWC when BNWC was not even an entity for the entirety of Boggs' employment with NAIA.

29. Garlington, Robinson & Lohn, answered the Boggs suit on December 2, 2021, through Jeffrey Smith, falsely stating or admitting that:

    a. NAIA had dissolved;

      b. BNWC assumed NAIA's corporate status and obligations; and

      c. BNWC was Boggs' employer.

30. Prior to filing the erroneous answer, Garlington did not ask for nor obtain a conflict of interest waiver from BNWC.

31. Prior to filing this erroneous answer, BNWC affirmatively informed Smith that the assertions by Boggs, and the false admissions ultimately made by Smith in an Answer instead of an immediate Motion to Dismiss, were wrong and that BNWC should not have Answered but rather should have filed a Motion to Dismiss.

32. After this was brought to light, RSUI, Dutton, and its/his assigned counsel engaged in bad faith claims practices.

33. For example, when Bob Yother, current chairman of the board for BNWC and former chairman of the board for NAIA, tried to rectify Smith's errors, he was confronted and challenged as to the veracity of his description of the two separate entities.

34. Yother explained that NAIA was not "dissolved" as was wrongfully admitted by RSUI's chosen counsel, but rather it was simply "dormant" and waiting for this matter ("Boggs") to be resolved.

35. RSUI, Dutton, and its/his assigned counsel advised Yother that this was illegal or ineffective, or words to that effect challenging his description of the client's status.

36. On another occasion, Yother tried to get RSUI and its assigned counsel to file a Motion to Dismiss BNWC, and to simply let NAIA default as it was an assetless entity. This was the proper strategy for the two separate entities.

37. This refusal to comply with the insured's requested defense posture coincided with RSUI's assigned counsel seeking payment from BNWC for NAIA's legal defense costs.

38. In response to the reality of their mistake, RSUI, Dutton and its/his assigned counsel placed

their own interests above those of the insured, NAIA, and threatened Yother. RSUI and its

assigned counsel accused Yother of breaching his duties to the organization, and they advised

him that he was personally subject to suit for not paying NAIA legal fees out of BNWC

money.

39. When Yother suggested that the NAIA claims should simply be defaulted, he was advised by

RSUI, Dutton and its/his assigned counsel that it was likely he would be sued by the other

members of the Board of Directors because the Board of Directors are personally liable for

NAIA's alleged liability.

40.    In response to this threat, BNWC provided the insurer and broker that litigation was

imminent on February 28, 2022, by stating, in part,

> To be clear, BNWC is not the successor to NAIA; NAIA is not the predecessor to BNWC.
> Any characterization otherwise is wrong. For example, each has **separate corporate existence**
> separated by 49 years of operations;  each has separate **and different** corporate purposes; BNWC
> is a 2021 Public Benefit Corporation **without** members; NAIA is a 1972 Montana Non-profit
> Corporation **with** two different levels of members; BNWC has a singular purpose and asset
> allocation to providing medical, mental health, and addiction services; and NAIA has **nineteen**
> (19) different purposes directed toward civic, charitable, **literary** and educational purposes. This
> distinction between the two entities was given to you at the time of BNWC's application, but for
> reasons yet to be determined this distinction was not maintained by you in the application process
> nor by the carrier in the underwriting process, and BNWC has been significantly harmed thereby.

41.    Despite this notice, RSUI, Dutton and its/his assigned counsel continued to engage in bad

faith claims practices, negligence, and other violations of M.C.A. § 33-18-201 to the detriment of

BNWC in order that, among other things, BNWC would be forced to fund the NAIA deductible of

$50,000 even though it had no employer/employee status with the Plaintiff, whose single, solitary

count in the Complaint was Wrongful Discharge.

## IV.
## Claims and Causes of Action

### Count 1
### Breach of Contract by RSUI

41. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

42. Plaintiff entered into a contract with RSUI for liability insurance.

43. A key term of the contract was that RSUI must take actions in the best interests of BNWC.

44. RSUI breached the contract by retaining counsel to represent both NAIA and BNWC in defense of a suit brought by former NAIA employee Patty Boggs despite the clear conflict between the two entities.

45. RSUI breached the contract by hiring and directing counsel which did not protect the interests of BNWC and was openly hostile to BNWC staff.

46. As a result of RSUI's breach of contract, BNWC incurred damages, including but not limited to, court costs, attorney fees, and lost employee time, in an amount to be proven at trial but no less than $27,000.

### Count 2
### Unfair claim settlement practices by RSUI and Dunton

47. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

48. M.C.A. § 33-18-201 provides 14 acts an insurer is prohibited from taking when a claim is filed by an insured.

49. Montana law allows the claims adjuster (Dunton) as liable alongside his employer for unfair claims settlement practices; within this count of the Complaint all references to RSUI are also imputed to Dunton who took the specific wrongful actions on behalf of RSUI.

50. The overarching theme in the statute is that insurers are required to conduct reasonable

investigations of claims filed and to timely make payments on behalf of the insured when coverage is triggered.

51. Additionally, an insurer is obligated to act in its insured's best interest.

52. The combined pattern of aggression, misstatements, and false representation of the law and potential liability were examples of RSUI's bad faith settlement practices.

53. The action promoted by RSUI with its assigned counsel was not in the insured's best interest's. The actions RSUI refused to take were not in the insured's best interests.

54. The created, and unresolved, conflict in the representation of NAIA and BNWC was not in the insured's best interests.

55. Specifically, RSUI's conduct is demonstrably unreasonable and in violation of the UTPA under M.C.A. § 33–18–201(1). That section says that the insurer's duty is simply to be truthful in its representations regarding the insurance policy, its coverages and operation.

56. RSUI and its assigned counsel made false representations to BNWC and to the Court regarding coverage and the nature of BNWC's alleged liability.

57. Under M.C.A. § 33–18–201(6), the insurer's duty is to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

58. RSUI engaged in a course of conduct that, acting in bad faith and later malice, failed to effectuate a *prompt* settlement of the claim. When the insurance carrier makes negotiation of the settlement payment more difficult that the law requires, this is bad faith.

59. Under M.C.A. § 33–18–201(10), the insurer's duty is to make claims payments to

insureds or beneficiaries accompanied by statements setting forth the coverage under which the payments are being made.

60. RSUI made the claim settlement payment without any statement setting forth the coverage under which the payments were made, and, apparently, without the *special instructions* that at least one RSUI representative asserts was required to ensure negotiability of the settlement payment.

61. As a result of RSUI's actions, BNWC had to incur fees for attorney time (by counsel independent from RSUI's assigned counsel) totaling more than $27,000.

62. Additionally, BNWC is entitled to an award of attorney fees under M.C.A. § 33-18-242.

### Count 3
### Negligence by Marsh and Furlong

63. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

64. BNWC requested that Marsh and Furlong obtain liability insurance for its directors and offices that would be appropriate for a new business.

65. Marsh and Furlong owed a duty to BNWC to follow its directions meticulously and to act in BNWC's best interests when obtaining coverage.

66. Marsh and Furlong breached their duty to BNWC by improperly linking BNWC with NAIA.

67. Marsh and Furlong's breach caused damages to BNWC, including but not limited to, court costs, attorney fees, and lost employee time, in an amount to be proven at trial but no less than $27,000.

### EXEMPLARY DAMAGES

68. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

69. RSUI and Dunton acted with actual malice and/or actual fraud in their handling of BNWC's

insurance claim/defense against Boggs, entitling BNWC to punitive damages under M.C.A. §§ 27-1-221 and 33-18-242.

70. Marsh and Furlong acted with actual malice and/or actual fraud in their handling of obtaining insurance coverage for BNWC, entitling BNWC to punitive damages under M.C.A. §§ 27-1-221 and 33-18-242.

### **Prayer for Relief**

Wherefore, Plaintiff prays for relief as follows:

A.  An award of compensatory damages for each and every claim,

B.  An award of punitive damages in an amount sufficient to discourage Defendants' behaviors, under M.C.A. §§ 27-1-221 and 33-18-242,

C.  An award of attorney fees and costs under M.C.A. § 33-18-242, and

D.  For any other relief the Court deems just under the circumstances.

DATED this 11th day of October, 2023.

/s/  *Lawrence E. Henke*
LAWRENCE E. HENKE

## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, by and through its counsel, and hereby demands a jury trial.

DATED this 11th day of October, 2023.

/s/ *Lawrence E. Henke*
LAWRENCE E. HENKE





B0243-4432 04/07/2021 3:08 PM Received by MT Secretary of State Christi Jacobsen

14855607

## STATE OF MONTANA
### SECRETARY OF STATE
ARTICLES OF INCORPORATION FOR DOMESTIC
NONPROFIT CORPORATION

FILING FEE: $20.00

<table>
<tr><td><b>For Office Use Only</b><br>STATE OF MONTANA<br><b>-FILED-</b><br>SECRETARY OF STATE<br>File Number: 14855607<br>Date Filed: 4/7/2021 3:08:25 PM</td></tr>
</table>

| | |
|---|---|
| **Filing Fees & Processing Options**<br>Fees and Processing Options | 24 Hour Processing - $40.00 - Processed within 1 business day |
| **Filing Effective Date**<br>The corporation will be effective: | when filed with the Secretary of State |
| **Corporate Type**<br>Type Of Corporation | Public Benefit Corporation without members |
| **Corporate Name**<br>Entity name | Butte Native Wellness Center, Inc. |
| **Term**<br>Term Expiration | Perpetual / Ongoing |
| **Business Purpose**<br>Purpose | Provide medical, mental health, and addiction services to individuals of Indian decent and any other legal purpose. |
| **Business Mailing Address of Principal Office**<br>☒ Add Postal Address<br><br>Address | <br><br><br>55 E. GALENA<br>BUTTE, MT 59701-1703 |
| **Business Physical Address of Principal Office**<br>☒ Add Physical Address<br><br>Address | <br><br><br>55 E. GALENA<br>BUTTE, MT 59701-1703 |
| **IRS 501(c)(3) Status**<br>This Nonprofit Corporation<br><br>501(c)(3) Status | <br>b) Is applying with the IRS for 501(c)(3) status and therefore has attached the IRS required language.<br>2020-10-15 Bylaws SIGNED Butte Native Wellness Center.pdf |
| **Registered Agent In Montana**<br>Registered Agent Search | David L Vicevich<br>Non-Commercial Registered Agent<br>**Agent Number**<br>RA1189758<br>**Email Address**<br>dlvicevich@gmail.com<br>**Website**<br>**Physical Address**<br>3738 HARRISON AVE<br>BUTTE, MT 59701-6823<br>**Mailing Address**<br>3738 HARRISON AVE<br>BUTTE, MT 59701-6823 |

EXHIBIT
A
tabbies®



B0243-4433 04/07/2021 3:08 PM Received by MT Secretary of State Christi Jacobsen

☒ The appointment of the registered agent listed above is an affirmation by the represented entity that the agent has consented to serve as a registered agent.

**Incorporators**

| Name Of Individual Or Business Entity | Business Mailing Address | Email Address |
|---|---|---|
| Bob Yother | 55 E GALENA<br>BUTTE, MT 59701-1703 | by2978@gmail.com |
| Danielle Tinsley | 55 E. GALENA<br>BUTTE, MT 59701-1703 | dtinsley406@yahoo.com |
| Yvonne Schelin | 55 E. GALENA<br>BUTTE, MT 59701-1703 | bigburdmt@hotmail.com |

**Directors**

| Full Name | Business Mailing Address | Position | Email Address |
|---|---|---|---|
| Bob Yother | 55 E. GALENA<br>BUTTE, MT 59701-1703 | Chair of the Board | by2978@gmail.com |
| Danielle Tinsley | 55 E. GALENA<br>BUTTE, MT 59701-1703 | Director | dtinsley406@yahoo.com |
| Yvonne Schelin | 55 E. GALENA<br>BUTTE, MT 59701-1703 | Director | bigburdmt@hotmail.com |
| Irene May | 55 E. GALENA<br>BUTTE, MT 59701-1703 | Director | irenemay@hotmail.com |
| Rhea LaBuff | 55 E. GALENA<br>BUTTE, MT 59701-1703 | Director | |
| Brenda Jarvis | 55 E. GALENA<br>BUTTE, MT 59701-1703 | Director | jbjarvis711@hotmail.com |
| Peggy Falcon | 55 E. GALENA<br>BUTTE, MT 59701-1703 | Director | falcon7013@yahoo.com |
| Julie Endy | 55 E GALENA<br>BUTTE, MT 59701-1703 | Director | julie@newhopemontana.org |

**Officers**

| Full Name | Business Mailing Address | Position | Email Address |
|---|---|---|---|
| Rhea LaBuff | 55 E. GALENA<br>BUTTE, MT 59701-1703 | Treasurer | |

**Declarations**

☒ I understand that the information I enter into the online system is public information and will appear online and on copy requests exactly as I key it into the system.

☒ I have been authorized by the business entity to file this document online.

☒ I, HEREBY SWEAR AND/OR AFFIRM, under penalty of law, including criminal prosecution, that the facts contained in this document are true. I certify that I am signing this document as the person(s) whose signature is required, or as an agent of the person(s) whose signature is required, who has authorized me to place his/her signature on this document.

**Signature**

*Attorney in Fact*
Signer's Capacity

*David L. Vicevich*
On behalf of Bob Yother

*04/07/2021*
Date


| | | |
|---|---|---|
| *Attorney in Fact* | *David L. Vicevich* | *04/07/2021* |
| Signer's Capacity | On behalf of Danielle Tinsley | Date |
| *Attorney in Fact* | *David L. Vicevich* | *04/07/2021* |
| Signer's Capacity | On behalf of Yvonne Schelin | Date |
| *Attorney in Fact* | *David L. Vicevich* | *04/07/2021* |
| Signer's Capacity | On behalf of Bob Yother | Date |
| *Attorney in Fact* | *David L. Vicevich* | *04/07/2021* |
| Signer's Capacity | On behalf of Danielle Tinsley | Date |
| *Attorney in Fact* | *David L. Vicevich* | *04/07/2021* |
| Signer's Capacity | On behalf of Yvonne Schelin | Date |
| *Attorney in Fact* | *David L. Vicevich* | *04/07/2021* |
| Signer's Capacity | On behalf of Irene May | Date |
| *Attorney in Fact* | *David L. Vicevich* | *04/07/2021* |
| Signer's Capacity | On behalf of Rhea LaBuff | Date |
| *Attorney in Fact* | *David L. Vicevich* | *04/07/2021* |
| Signer's Capacity | On behalf of Brenda Jarvis | Date |
| *Attorney in Fact* | *David L. Vicevich* | *04/07/2021* |
| Signer's Capacity | On behalf of Peggy Falcon | Date |
| *Attorney in Fact* | *David L. Vicevich* | *04/07/2021* |
| Signer's Capacity | On behalf of Julie Endy | Date |
| Daytime Contact | | |
| Phone Number | (406) 782-1111 | |
| Email | dave@vicevichlaw.com | |

B0243-4434 04/07/2021 3:08 PM Received by MT Secretary of State Christi Jacobsen